## NOPPLE *v.* DORN.[1]

*(Circuit Court, E. D. Pennsylvania.* December 20, 1890.)

PATENTS FOR INVENTIONS — WHAT CONSTITUTES INFRINGEMENT — CONSTRUCTION OF PATENT.

The class of devices employing the same process for refining oil as the device covered by complainant's letters patent No. 411,646 was well known, and some of the prior devices of such class were substantially identical with complainant's device in result and mode of operation. The defendant's did not embrace all the special devices and combinations forming the elements of complainant's claims. *Held* that, on account of the state of the art, the patent must be construed strictly and specifically, and that the defendant's device did not infringe.

In Equity.

Bill by Emil Nopple to enjoin Christian Dorn from infringing letters patent No. 411,646 for apparatus for refining oil. The answer set up non-infringement as sole defense. The first claim of defendant's patent was "an apparatus for refining oil and purifying oil consisting of a tank, a receiving reservoir, in the upper part of said tank, *a horizontal plate surrounding said discharge pipe in said plate, depending cylinders secured to said plate, forming chambers communicating at alternate ends,* a heating pipe within said chambers, said parts being combined, substantially as described." The elements in italics were contained in all complainant's claims but not in defendant's device which was manufactured under letters patent No. 427,421. Decree for respondent.

*Colesbury & Shattuck,* for complainant.

*Strawbridge & Taylor,* for respondent.

BUTLER, District Judge. The plaintiff sues for infringement of patent No. 411,646, covering "apparatus for refining oil." The answer denies infringement and this is the only question presented and raised. A very few words will explain all we need say respecting it. Apparatus for cleaning and refining oil, and other liquids, by the process employed, are old. This abundantly appears from the history of the art as exhibited

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

by the record. Some of such apparatus is strikingly similar to the plaintiff's; in mode of operation and effect it is substantially identical. The plaintiff's claims must therefore be construed strictly, and thus confined to the specific devices and combinations described. So construed does the defendant infringe them? It must not be overlooked that the defendant has a patent, also, and consequently is entitled to a presumption that his patent is novel, and therefore does not infringe the plaintiff's. The office, with the plaintiff's claim before it, and fresh from their consideration, must be regarded as deciding that they did not cover the defendant's apparatus. This decision is necessarily involved in granting the later patent. To overcome the presumption arising from it, the proofs should show with reasonable clearness, that the decision is wrong. On the other hand, it seems in the light of the proofs to be right. The defendant's apparatus does not, we think, embrace the special devices and combinations specified in the claims. Indeed it seems easier to distinguish the defendant's apparatus from the complainant's than to distinguish the latter from some of those that preceded it. The bill must therefore be dismissed and a decree may be prepared accordingly.